**Date signed November 10, 2004**



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| IN RE: | : |
| | : |
| THOMAS LEE LEACH, JR. | : Case No. 04-13480PM |
| MARY KAY LEACH | : Chapter 13 |
| a/k/a MARY KAY NEFF | : |
| | : |
| Debtors | : |

**MEMORANDUM OF DECISION**

  Timothy P. Branigan, Chapter 13 Trustee, filed a limited objection to the Amended Disclosure of Compensation by counsel for the Debtors.  The Trustee urges that to support the requested compensation of $2,550.00, counsel should file a fee application that includes a detailed breakdown of time spent on the services performed and explains the reasonableness and necessity for the fees charged.  The Trustee urges, relying upon the case of _Harman v. Levin_, 772 F.2d 1150 (CA4 1985), that court approval should be obtained.  Counsel filed a response in support of the compensation claimed, and a hearing was held.

  Counsel filed this bankruptcy case under Chapter 13 on behalf of Debtors on February 16, 2004.  Following the Trustee's objection to Debtors' original Chapter 13 Plan, Debtors' Third Amended Chapter 13 Plan, filed in open court on June 8, 2004, was confirmed.  The Plan provides for payment of $28,740.00 to the Trustee for distribution to creditors.  Counsel likewise filed two motions for valuation of motor vehicles for the Debtors that resulted in reductions of the secured portions of the claims filed by those creditors.

  The court agrees in principle with the Trustee's objection that fee applications should be filed, but because of the nature of a Chapter 13 case, the court believes that requiring fee

applications on the part of a debtor's counsel in bankruptcy cases would be counter-productive. The cost of preparing the fee application and holding a hearing thereon would, in nearly all cases, be borne by the unsecured creditors. In most case, these creditors are paid a fractional portion of their claims, and the court dislikes the prospect of having those small percentages cut further.

In these circumstances, the court finds that the more useful procedure is for the Trustee to file a suggestion or request that the court review the compensation of counsel. Thereupon, the court can determine, in the circumstances of the case, if the compensation should be examined, as the court often does in cases that are dismissed prior to confirmation or for failure to complete filings. This procedure recognizes the court's knowledge and experience in determining the reasonableness of attorney's fees, as described by this court in the case of *In re Morgan*, 48 B.R. 148 (BC Md. 1985), the cases cited in that opinion and their progeny.

Considering the circumstances presented in this case, the court finds the fees charged should be allowed. An appropriate order will be entered.

cc:
Scott C. Borison, Esq., 5500 Buckeystown Pike, Frederick, MD 21703
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Thomas/Mary Leach, 11529 Harney Road, Emmitsburg, MD 21727

**End of Memorandum**